## Commonwealth v. Guthier et al.

*James F. Marx*, assistant district attorney, and *Stevens & Lee*, for Commonwealth.

*Saul C. Waldbaum* and *Warren K. Hess*, for defendants.

SCHAEFFER, P. J., October 10, 1938.—Defendants were tried upon an indictment containing two counts: First, forcible entry into the premises of Reading Batteries, Inc.; and, second, forcible detainer of these prem-

ises. The jury acquitted them upon the first count but returned a verdict of guilty upon the second count. Defendants have now moved in arrest of judgment and for a new trial.

Reading Batteries, Inc., is engaged in the business of manufacturing electric storage batteries. Its plant is in a one-story building which has a front entrance through the office and a rear doorway. On the morning of October 25, 1937, the plant was operating normally. Shortly after the lunch hour two employes, namely Guthier and Rauenzahn, who are two of the defendants, stopped work and went upon a so-called sit-down strike. At the beginning of the afternoon shift they were joined by a third employe, William Moyer, when the latter reported for work. In conversation with Mr. Moore, an officer of the company, the men refused to leave the plant. When they were told that they were no longer employes of the company and were offered their pay, they stated that they would take it on the regular pay day. During the evening or night these three were joined by the two Gaubys and Dwyer. Cots were brought in through the windows. In the morning when two officers of the company undertook to do some of the work of defendants, two of the latter momentarily prevented them by sitting upon the conveyor. During that day a group of men congregated about the outside of the plant. On the evening of that day the company placed three men inside the building as watchmen. At about 11 p.m. an altercation occurred between a watchman and several of the strikers during which the former hit one of the latter with a blackjack. About this time defendants Dwyer and Hauck entered the plant. Someone opened the rear door and a group of men including Hauck and Moyer came into the building carrying stones, pieces of pipe, and rubber hoses and shouting at the guards who escaped through the front door. Thereupon the door from the office into the plant was barricaded with pigs of lead weighing 75 pounds each and with battery cases. After the guards had left,

an officer of the company accompanied by an attorney and three county detectives went to the plant, found no one on the outside, saw about a dozen men upon the inside and upon telling the latter that they were coming in, were told that they would be met by something and would have trouble. The company official then entered the office and finding that the door from the office of the plant could not be opened, broke a window in the door or partition, through which he and the officers crawled. They found that only three men—Moyer and the two Gaubys—remained in the plant—the others having escaped through the rear door.

As the jury returned a verdict of not guilty upon the first count, it is not necessary to consider the charge of forcible entry. But we are of the opinion that the evidence is amply sufficient to support a verdict of guilty upon the second count, which charges forcible detainer. All the defendants were in the plant on the evening in question and were acting in concert with each other and the others who were on the inside. Some, if not all, of them assisted in barricading the factory door clearly with the purpose of keeping all others including the officers and employes of the company from entering. Taken in connection with testimony which in view of the verdict we must accept as true, to the effect that when a company official accompanied by detectives announced their intention of entering the plant, the men upon the inside, some of whom carried clubs or pieces of pipe, threatened them if they made the attempt, this testimony brought defendants' acts squarely within the provisions of section 22 of the Act of March 31, 1860, P. L. 382, 18 PS §512.

Defendants have assigned a number of reasons for their present application. Many of these grow out of the fact that, as they contend, a labor dispute existed at the time at the Reading Battery Company plant. But clearly the issues involved in that dispute could not be tried in the present proceeding and were here both irrelevant and

immaterial. The law has afforded a mode for the orderly hearing and determination of those issues. The failure to invoke or to pursue such mode to a successful conclusion did not in law warrant these defendants, under the leadership of the organizer of their union, to enter upon the premises of their employer at a time when they were not working or intending to work and to endeavor to keep possession thereof by menaces, threats, and force. The fact that, as employes, defendants had an interest in their jobs, which is recognized by the law, did not give them a property right in the premises of the company superior to that of the company and its representatives. The unreasonableness of such claim is indicated by the facts that some of these defendants had been employed at this plant for less than half a year and that some of them entered the plant on the night of the trouble by crawling through a window or by a show of force through the rear door.

The issue here does not involve either the right of an employe to strike or the right to picket. Nor are we here concerned with the legality of the so-called sit-down strike; the guilt or innocence of these defendants is in no way based upon the fact that they did or did not remain in the plant and decline to work. The charge is that, having obtained possession of the plant by whatever means, they endeavored to retain possession by force and menaces. Neither they nor their employers can be heard to justify unlawful conduct by asserting that they were endeavoring to settle a labor dispute. Our legislature has provided peaceful means for the settlement of such disputes and the maintenance of law and order demands that such means and not force or methods contrary to law be employed.

We are of the opinion that defendants have had a fair trial and that under the evidence they were properly and justly convicted.

And now, to wit, October 10, 1938, the motions for a new trial and in arrest of judgment are both discharged.